By the Court.—Sedgwick, Ch. J.
The action is upon an open policy of marine insurance issued by the defendant. The action was referred and the plaintiff had judgment. The subject of the insurance was a cargo of coal.
It is objected by the defendant that before the referee there was not, after the loss, presented by the plaintiff the proofs of loss intended by the policy. The words of the policy are “ proof of loss, proof of interest and adjustment.” It may be admitted that the insured did not present, at least in full, the proofs named in the policy. The company, however, took the position that it was not liable because it had concelled the policy. This, if it did not announce, yet it necessarily involved, an intention not to require or not to receive proofs of loss, which would be a transaction that would signify that the policy was not cancelled. Moreover, on the facts of the case, a finding would be sustained, that the acts and declarations would justify the insured in thinking that the defendant did not require formal proofs of loss to be made.
It is also argued by the learned counsel for defendant, that the risk upon the cargo had not been approved as the policy required. By the policy it was to cover such risks only as may be approved and endorsed thereon. In fact the policy being with the insured, the company never approved or endorsed upon it the risks they took. When the policy was issued and given to the insured, a memorandum book was given. According to the testimony of the agent of the defendant, the approval and endorsement intended by the policy were made and to be made in this book, for he testified that when the entries of the book were filled in, the book would be *365 sent to the office and there in case of approval the initials, “ D & P. Attys.,” would be placed in the column of the book headed approved. There were no such initials in the book opposite the name “ John A. Post,” a boat which carried the coal insured. On the trial the plaintiff relied upon another entry made in the book, in the column “ Approved.” When it was intended to load boats with coal, and in advance of loading, the plaintiff would enter in the book the name of one or more boats, and send the book to the defendant’s office. After being examined by the company it would be returned with the initial “ D ” in the column “ approved.” Such had been the course of business during the running of the policy. A referee would be sustained in finding that such initial signified, to an insured that there had been an approval by the company. And as to the matter of approval, in fact the method in which it was regularly made, the evidence of the agent was not conclusive, and, on the whole, a referee could find for the plaintiff on this subject. This ground shows no reason for reversal.
It is insisted that the policy was definitely cancelled before the coal was put in the boat, the risk under the policy beginning at the loading of the cargo. There was sent, before the risk began, a letter which announced the intention of the company to cancel the policy. To effect the cancellation it was necessary that some act should accomplish this intention. The burden of proving that was upon the defendant. It was not absolutely or incontrovertibly shown here. Whether or not it was done, depended upon inferences that were conflicting, and upon the comparative credibility of the witnesses. The referee has found upon enough evidence that there was not a cancellation.
On this point also, the receiving of premiums was proof that the policy was pending Avithin the intention of the defendant. It was received as to other coal after the loss in this case. The policy Avas an entire contract, *366 and it all existed or no part of it did. It may have been the fact that the company’s officers believed that the risks paid for were pending at the time of the supposed cancellation, and, therefore, not affected by the cancellation.' Such, however, was not the case, and to prevent the continuance of the policy beyond the time- of the cancellation as claimed by the company, there should have been a return, or an offer of return, with notice of the mistake of facts. Nothing of this kind was done.
Sufficient prima facie proof of the sea-worthiness of the boat was given by the plaintiff-. The captain testified that the boat was sea-worthv and fit for the voyage. The owner testified as to repairs to the boat from time to time ; that before the voyage, she had been thoroughly overhauled, and that to him she appeared to be right.
On the trial, it appeared that after the boat and cargo had been sunk in the hay, they were raised by one Baxter, who suéd the plaintiff in admiralty for the salvage services. The plaintiff notified the defendant of the pendency of this suit and required that it should defend it. The defendant did not defend. The plaintiff defended, and judgment was entered against him. On the present trial the plaintiff recovered beside the amount of the judgment in the admiralty suit, the costs of that suit, certain disbursements made in it, and also counsel fees to counsel for services in the suit. The defendant contends that it is not liable beyond the amount of the judgment, arguing that the other expenses were unnecessarily incurred, or, in other words, that the plaintiff should have prevented the admiralty suit by paying Baxter’s bill, or should not have defended the suit.
While between themselves the defendant was bound to pay the wrecking expenses and to indemnify the plaintiff in that regard, yet in the admiralty salvage' action the plaintiff would be bound primarily to pay the claim. Therefore, when the defendant omitted to *367 defend it was reasonable that the plaintiff should appear by counsel to prevent any other recovery against him than such as was just and in accordance with the facts. The referee was correct in allowing the amounts referred to.
It is necessary, however, that there should be a new trial. The defendant moved to dismiss the complaint on the following ground, among others, that it did not contain any allegation that proof of loss was exhibited to the defendant thirty days before the commencement of an action. The complaint alleges that by the policy, in case of loss, such loss to be paid in thirty days after proof of loss, and interest. It further alleges that the plaintiff caused to be exhibited to the defendant due proof of the said loss and damage, but that no part of the same has been paid, etc. There is an omission to allege that the proof was exhibited thirty days before the beginning of the action. Therefore, it did not appear by the complaint that the loss was payable.
Judgment reversed, order of reference vacated, and a new trial ordered, with costs to abide the event.
Dugro and Gildersleeve, JJ., concurred.